UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SORAYA RIGOR,

Plaintiff,

v.

COUNTY OF SANTA CLARA, et al.,

Defendants.

Case No. 2:26-cv-01669-DJC-CSK

ORDER TRANSFERRING CASE

Plaintiff Soraya Rigor is proceeding in this action pro se and has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court will transfer this action to the United States District Court for the Northern District of California because venue is not proper in this district.

## I.    VENUE

The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). An order addressing venue transfer does not address the merits of the case and is a non-dispositive matter that falls within the scope of a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See Ames v. Wells Fargo Bank, N.A.*, 2023 WL 7392026, at *2 (N.D. Cal. Oct. 27, 2023), *reconsideration denied*, 2023 WL 7434359 (N.D. Cal. Oct. 31, 2023).

in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." A court may raise and decide the issue of venue sua sponte. *See* *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

## II.    DISCUSSION

The Complaint appears to name the following Defendants: "County of Santa Clara," the "County of Santa Clara District Attorney's Office," "City of San Jose," Doe prosecutors within the County of Santa Clara District Attorney's office, the "Judge" or "Magistrate" who presided over Plaintiff's prior criminal proceedings in Santa Clara County Superior Court, and Doe "law enforcement San Jose officers." Compl. at 1, 2, 6 (ECF No. 1). The Complaint alleges that Plaintiff was wrongfully prosecuted and convicted for burglary in Santa Clara County Superior Court and sentenced to state prison. *Id.* at 1, 6, 7. Thus, the relevant witnesses and information related to this case are all located in the Santa Clara County area, which is located in the Northern District of California, not the Eastern District of California. Because this case is based on events that occurred in Santa Clara County and the responding Defendants are also in this same geographic area, Plaintiff's case should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a). Accordingly, this matter is transferred to the United States District Court for the Northern District of California.

2

In transferring this action to the United States District Court for the Northern District of California, this Court is not expressing any opinion regarding the merits of Plaintiff's claims. Parties are instructed to direct any further filings or inquiries related to this case to the United States District Court for the Northern District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

**III.    CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1.    This action, including Plaintiff's motion to proceed in forma pauperis (ECF No. 2), is TRANSFERRED to the United States District Court for the Northern District of California pursuant to 28 U.S.C § 1406(a); and

2.    The Clerk of the Court is directed to CLOSE this action.

Dated:  May 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, rigo.1669.26

3