United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SORAYA MARIA RIGOR,
Plaintiff,
v.
COUNTY OF SANTA CLARA, et al.,
Defendants.

Case No. 26-cv-05390-SVK

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**

**REPORT AND RECOMMENDATION RE DISMISSAL**

Re: Dkt. Nos. 1, 2

The Complaint filed by self-represented Plaintiff Soroya Maria Rigor states that she was convicted in state court for possession of stolen property in or around 1979-80. Dkt. 1 at 1, 8.[1] Plaintiff alleges that she was sent to state prison after her conviction but is no longer in custody. *Id.* at 1, 17. Plaintiff contends that because she was a juvenile at the time of her arrest and trial, it was improper to try her in adult court. *See id.* at 1-2. She also alleges other irregularities in her trial. *See id.* at 6-10.

The Complaint names as Defendants the County of Santa Clara, the County of Santa Clara District Attorney's Office, the City of San Jose, and various Doe Defendants. *Id.* at 1, 6. Plaintiff frames the Complaint as a claim for damages under 42 U.S.C. § 1983. *See, e.g., id.* at 1, 2, 5, 6. Separately, Plaintiff has filed in this case a motion to vacate her state conviction. *See id.* at PDF pp. 18-20; Dkt. 7, 8, 9, 17.

[1] Plaintiff originally filed this case in the United States District Court for the Eastern District of California. That court transferred the case to this District. Dkt. 4.

Along with her Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). Dkt. 2. The Court **GRANTS** Plaintiff's IFP application.

Because Plaintiff filed an IFP application, the Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concludes that the Complaint fails to state a claim and that the deficiencies in the Complaint cannot be cured by amendment. Defendant County of Santa Clara has consented to the jurisdiction of a magistrate judge (Dkt. 20), but no other Parties have consented. Accordingly, the Court **ORDERS** the Clerk's Office to reassign this case to a District Judge and **RECOMMENDS** that the District Judge dismiss the Complaint **WITHOUT LEAVE TO AMEND** for the reasons that follow.

## I. SCREENING UNDER 28 U.S.C. § 1915(e)(2)

District courts must screen civil actions filed *in forma pauperis* to ensure that the complaint states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 112–27 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Ninth Circuit has noted that section 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Both Rule 12(b)(6) and section 1915(e)(2)(B) require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted. In a section 1915 review, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted). In its review, the Court liberally construes *pro se* pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

## II. REPORT AND RECOMMENDATION RE DISMISSAL

As discussed above, the Complaint is framed as a section 1983 case. Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* involved a section 1983 claim brought by a plaintiff who was simultaneously pursuing an appeal in state court of his conviction for voluntary manslaughter. *Id.* at 478. In federal court, the

plaintiff sought damages resulting from the allegedly "unlawful, unreasonable, and arbitrary investigation" conducted by state officials leading to his arrest, and the destruction and manipulation of evidence during the state criminal proceeding by those same officials. *Id.* at 479. In affirming the dismissal of the plaintiff's section 1983 claims, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* The court directed district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. This "favorable termination rule" preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004). The Supreme Court later clarified that *Heck's* favorable termination rule applies regardless of the form of remedy sought in a section 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, the Complaint seeks damages under section 1983 stemming from Plaintiff's conviction in state court, which she alleges was unlawful because: (1) she was a juvenile who was prosecuted in adult court; (2) exculpatory evidence was suppressed; (3) she was convicted for a crime already attributed to another person; and (4) the sentence exceeded the jury's findings. *See* Dkt. 1 at 16. A judgment in favor of Plaintiff on these claims would "necessarily imply the invalidity" of Plaintiff's state conviction. *See Heck*, 512 U.S. at 487. Thus, under *Heck*, "the complaint must be dismissed unless [Plaintiff] can demonstrate that the conviction or sentence *has already been invalidated.*" *Id.* (emphasis added).

Plaintiff acknowledges that her state conviction has not been invalidated. *See, e.g.,* Dkt. 1

at 16 ("Plaintiff *is filing* a Motion to Vacate Conviction" (emphasis added)). Indeed, Plaintiff has filed a motion asking this Court to vacate her conviction, which remains pending. *See id.* at PDF pp. 18-20; Dkt. 7, 8, 9, 17. This Court cannot invalidate Plaintiff's state conviction in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) ("respondents' counsel acknowledged at oral argument that a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"); *Hebrard v. Nofzinger*, 90 F.4th 1000, 1010 (9th Cir. 2024) ("only habeas corpus (or similar state) remedies" can be used to obtain a ruling that necessarily implies the unlawfulness of the state's custody (citations omitted)); *see also Williams v. Waggener*, No. C 07-2557-MMC, 2007 L 1713283, at *2 (N.D. Cal. June 13, 2007) (dismissing section 1983 case under *Heck* rule even though plaintiff could no long seek habeas corpus and holding that "[d]istrict courts are not authorized to issue the writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), with respect to challenges to state convictions").

Plaintiff appears to recognize that because she is no longer in custody, she cannot bring a petition for habeas corpus. *See* Dkt. 1 at 17 ("Plaintiff is NOT in custody, therefore, unsure about a Habeas Corpus Petition at this time …"). This fact does not change the outcome. "With respect to Supreme Court jurisprudence, although a question has been raised as whether there 'may' be exceptions to *Heck*'s bar where federal habeas relief is no longer available to the plaintiff, that question has not been 'settle[d].'" *Williams,* 2017 WL 1713283, at *2 (quoting *Muhammad v. Close*, 540 U.S. 749, 752 n.4 (2004)). Nevertheless, "the Ninth Circuit has held that '[t]he fact that [a § 1983 plaintiff] is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck*'s bar.'" *Williams*, 2017 WL 1713283, at *2 (quoting *Guerrero v. Gates,* 442 F.3d 697, 704 (9th Cir. 2006)). "[T]he Ninth Circuit has found an exception to the *Heck* bar where a federal habeas petition would be moot." *Williams*, 2017 WL 1713283, at *2 (citing *Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002)). "A federal habeas petition challenging a state court conviction, however, is not mooted by the completion of the sentence because there are collateral consequences of the conviction that continue to affect the petitioner even after his sentence expires." *Williams*, 2017 WL 1713283 at *2 (citing *Spencer v.*

*Kemna*, 523 U.S. 1, 14-16 (1998)). Because a federal habeas petition challenging Plaintiff's state court conviction would not be mooted by her completion of the sentence on the conviction, the exception to *Heck* set forth in *Nonnette* does not apply here. *See Williams*, 2017 WL 1713283 at *2; *Guerrero*, 442 F.3d at 704.

Although the Complaint repeatedly emphasizes that this action is brought under section 1983, the Court has also considered whether *Heck* would bar Plaintiff from bringing claims under state law. "*Heck*, of course, is a rule of federal law that applies only to federal causes of action that challenge the validity of a state conviction." *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008). However, the California Supreme Court has held that "we cannot think of a reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct." *Id.* Moreover, even if Plaintiff could allege other claims based on state law, if the Court dismisses her section 1983 claims it could decline to exercise supplemental jurisdiction over the state claims. *See Van Dusen v. City of Oakland*, No.13-cv-05023-HSG, 2015 WL 180057, at *5 (N.D. Cal. Apr. 20, 2015).

The undersigned therefore **RECOMMENDS** that the District Judge dismiss the Complaint under the *Heck* rule because Plaintiff's claims necessarily imply the invalidity of her state conviction, that conviction has not been invalidated, and this Court cannot invalidate the state conviction in the present action. *See id.*, 2015 WL 180057, at *3-4; *Delgado v. Superior Court*, No. 1:20-cv-01059-DAD-EPG, 2020 WL 4586362, at *4 Aug. 7, 2020); *Williams*, 2017 WL 1713283 at *2. "If—and only if—Plaintiff's state conviction is eventually overturned, she may renew her Section 1983 claims to the extent they are not otherwise barred" for reasons such as the statute of limitations or immunity of certain defendants. *Van Dusen*, 2015 WL 1800587, at *4. Because the defects in the Complaint cannot be cured by amendment, the undesigned **FURTHER RECOMMENDS** that the Complaint be dismissed **WITHOUT LEAVE TO AMEND.**

## III. CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that the Complaint be **DISMISSED WITHOUT LEAVE TO AMEND.** Any Party may object to this recommendation within 14 days. Fed. R. Civ. P. 72(b). Failure to timely file an objection will waive objections to

the recommendation.

The Court advises Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480. In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/pro-se-handbook/ or obtained from the Clerk's Office.

**SO ORDERED.**

Dated: July 17, 2026

SUSAN VAN KEULEN
United States Magistrate Judge